# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

BRYCE COOPER, on behalf of himself
and all others similarly situated,

     Plaintiff,

v.

BOOKIT OPERATING LLC d/b/a
bookit.com, a Florida
Limited Liability Company,

     Defendant.

_____/

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, BRYCE COOPER, on his own behalf and on behalf of those similarly situated (collectively "Plaintiffs"), by and through his undersigned counsel, hereby files this Complaint against Defendant, BOOKIT OPERATING LLC d/b/a bookit.com, a Florida limited liability company ("BOOKIT" or "Defendant") and alleges as follows:

## INTRODUCTION

1.    This is an action brought pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101, *et. seq.* ("WARN Act").

2.     Defendant is liable under the WARN Act for its failure to provide the Plaintiff and all others similarly situated at least sixty (60) days advance notice of their termination, as required by the WARN Act.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

4.     Venue is proper in this Court because all facts and events material to all claims set forth herein occurred in Bay County, Florida.

## PARTIES

5.     At all times material to this action, BOOKIT was a Florida limited liability company conducting business in Bay County, Florida.

6.     Plaintiffs worked for BOOKIT in Bay County, Florida.

## GENERAL ALLEGATIONS

7.     Plaintiffs were employed by Defendant.

8.     During the weeks of March 17, 2020, Defendant, without warning, and despite having knowledge of its intention to conduct mass layoffs, engaged in a mass layoff without properly notifying Plaintiffs.

9.     No prior written notice was provided to the Plaintiffs, as required by the WARN Act.

10.    Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

11.    Plaintiffs demand a trial by jury on all claims alleged herein.

## CLASS ACTION ALLEGATIONS

12.    Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure for violations of the WARN Act, on behalf of themselves, and a class of employees who were laid off by BOOKIT as part of a reasonably foreseeable result of shutdowns or mass layoffs ("Class") during the week of March 17, 2020.

13.    The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are, upon information and belief, approximately one hundred (100) or more potential Class Members.

14.    There are questions of law and fact common to the Class Members, namely:

(a) Whether the Class Members were employees of Defendant;

(b) Whether Defendant ordered the termination of employment of each of the Class Members without giving them sixty (60) days advance written notice, as required by the WARN Act; and

(c) Whether the Defendant was subject to any of the defenses provided for in the WARN Act.

15.     The claims of the representative Plaintiff are typical of the claims of the Class, as he/they were laid off as part of the shutdown or mass layoff, and did not receive the requisite notice.

16.     The representative Plaintiff will fairly and adequately protect the interests of the Class.

17.     The named Plaintiff retained counsel competent and experienced in complex class action employment litigation.

18.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act and wage litigation – where the individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and the adjudications with respect to individual Class Members would be dispositive of the interests of other members.

19.     Defendant has acted on grounds that apply generally to the Class.

20.     There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class.

## WARN ACT ALLEGATIONS

21.     Plaintiff and other similarly situated employees were laid off as part of plant shutdowns or mass layoffs of a single site of employment as defined by the WARN Act, for which they were entitled to receive sixty (60) days advance written notice under the WARN Act.

22.     At all relevant times, Defendant employed three hundred (300) or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States as defined by the WARN Act.

23.     At all relevant times, Defendant was an "employer" as that term is defined by the WARN Act.

24.     During the week of March 17, 2020, Defendant ordered "shutdowns" or "mass layoffs" as those terms are defined by the WARN Act.

25.     Defendant's actions resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

26.     Defendant's termination of the Class Members' employment constituted plant shutdowns or mass layoffs at a single site of employment as defined by the WARN Act.

27.     The Plaintiff and each of the Class Members who were employed by Defendant and then terminated by Defendant as a result of Defendant's executing plant shutdowns or mass layoffs were "affected employees" as defined by the WARN Act.

28.     The Plaintiff and each of the Class Members are "aggrieved employees" of Defendant as that term is defined by the WARN Act.

29.     Pursuant to the WARN Act, Defendant was required to provide at least sixty (60) days prior written notice of the layoff, or notice as soon as practicable, to the affected employees, or their representative(s), explaining why the sixty (60) days prior notice was not given.

30.     Defendant failed to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act.

31.     Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) working days following their respective layoffs, and failed to make the pension and 401(k) contributions, provide other employee benefits

under ERISA, and pay their medical expenses for sixty (60) calendar days from and after the dates of their respective terminations.

32.    As a result of Defendant's failure to pay the wages, benefits and other monies as asserted, the Plaintiff and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the their terminations.

33.    All administrative notice requirements and prerequisites have been satisfied.

## COUNT I
## VIOLATIONS OF THE WARN ACT AGAINST DEFENDANT

34.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33, above, as if fully stated herein.

35.    Defendant's failure to provide Plaintiffs advanced written notice of their layoffs constitutes a violation of the WARN Act.

WHEREFORE, Plaintiff prays that this Court award the following relief:

(a)    An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employees' termination, that would have been covered and paid under the

then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C§2104(a)(1)(A);

(b)     Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single Class;

(c)     Designation of Plaintiff, BRYCE COOPER, as the Class Representative;

(d)     Appointment of the undersigned attorneys as Class Counsel;

(e)     Interest as allowed by law on the amounts owed under the preceding paragraphs;

(f)     The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

(g)     Such other and any other additional relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs further demand a jury trial on all issues so triable as of right.


Dated this 12th day of November, 2020.

Respectfully submitted,

**_/s/ Noah E. Storch_____**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

_Trial Counsel for Plaintiffs_

9